## STEVENS-DAVIS CO v PARKWAY OILS INC.

Ohio Appeals, 1st Dist, Hamilton Co

No 5344.  Decided Dec 20, 1937

Wm. R. Benham, Cincinnati, for Appellee.
Harry H. Shafer, Cincinnati, for Appellant.

## OPINION

By MATTHEWS, J.

After the contract of July 26th, 1934 was executed, letters dated July 28th and August 17th, 1934, were duly stamped and addressed to the appellant at its place of business. It is admitted that these letters reached the appellant's place of business, but it is claimed that its employee concealed the fact of their receipt, in order to conceal misconduct on his part and as a part of the process of defrauding his employer.

Undoubtedly, this employee who was in charge of the place of business had author-

ity to receive these letters from the postman, and delivery to him was delivery to the employer. There was evidence, therefore, from which the inference could be drawn that the employer had knowledge of their contents, and the legal consequences resulting from such knowledge would follow. That being true, the trier of the facts could draw the inference not only of ratification, but also of prior authority from the delay in answering the letters under the circumstances of this case, and the failure to repudiate the contract when the letters were answered. The subsequent payments on account were also evidence of the existence of the contract.

While appellant introduced evidence that would tend to prove that the duly authorized officers knew nothing of these incidents, the duty devolved upon the trial court to determine the weight of the evidence and decide the issue of fact accordingly.

Even in the absence of other evidence, the mailing of a properly stamped and addressed letter raises a presumption that it was received by the addressee. 17 O. Jur. 103.

And this presumption "does not stand merely until evidence comes in to cause it to then disappear. It continues as evidence, to be considered in the light of all the facts and circumstances adduced on the trial and to be given such weight as the triers think it entitled to in determining the fact at issue, whether, the mailed letter was received?" Atlantic Dredging & Const. Co v Nashville Bridge Co., 57 Fed. (2d.) 519. The presumption or inference should be stronger where the evidence shows that the letter was actually delivered at the addressee's place of business.

The issue in the case was whether the appellant had become bound by contract to appellee—not whether any particular agent had authority. On this issue, we cannot say the judgment is manifestly against the weight of the evidence.

We find no error in the record, prejudicial to the appellant.

The judgment is affirmed.

ROSS, PJ, & HAMILTON, J, concur.